UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILIP W. HENDERSON,

    Plaintiff,

v.

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

    Defendant.

Case No. 16-cv-05058-JSC

**ORDER OF DISMISSAL**

Re: Dkt. No. 9

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil action against a federal judge who denied his petition for a writ of habeas corpus.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

## LEGAL CLAIMS

Plaintiff recently filed a complaint in another case that makes the same allegations and prayer for relief as the complaint herein.  In that case, he sued United States District Court Judge Wilken under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971), for allegedly violating his constitutional rights when she adjudicated and ultimately denied his Petition for writ of habeas corpus.[2]  *See Henderson v. Wilken*, No. C 16-3972 JSC (N.D. Cal.) (ECF No. 1).  He sought injunctive relief, specifically a hearing, a declaration that his federal constitutional rights were violated, and an order directing this Court to provide him with "a constitutionally valid proceeding." *Id.*  That case was dismissed because Judge Wilken is absolutely immune for liability for acts performed in her judicial capacity. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).  No. C 16-3972 JSC (ECF No. 10).

Plaintiff asserts that the complaint herein is distinct from the complaint filed in his previous case against Judge Wilken because this is an "action in equity" in which he seeks equitable relief from Judge Wilken's ruling, including relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and a writ under the All Writs Act (28 U.S.C. § 1651).  All of these purported forms of relief effectively seek to have this Court review the judgment of Judge Wilken, which this Court does

---

[2] Judge Wilken denied Petitioner's petition in 2007 in a decision that was subsequently affirmed on appeal.  *See Henderson v. Newland*, No. C 98-4837 (N.D. Cal.) (ECF Nos. 54, 62).

2

1  not have jurisdiction to do.  In any event, Judge Wilken's absolute immunity extends to
2  to actions for declaratory, injunctive and other equitable relief, such as the instant action.  *See*
3  *Moore*, 96 F.3d at 1243.  Accordingly, the complaint filed herein must be dismissed for failure to
4  state a cognizable claim for relief.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED.  In light of this Order, the motion to expedite proceedings is DENIED as unnecessary.   The Court finds that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 10, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge